# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-81-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LARRY RAY DENNY, JR., | |
| Defendant. | |

## I. Synopsis

Defendant Larry Ray Denny, Jr. (Denny) has been accused of violating the conditions of his supervised release. Denny admitted all of the alleged violations, except alleged violation 8. The Court dismissed alleged violation 8 on the government's motion. Denny's supervised release should be revoked. Denny should be placed in custody for 5 months, with 31 months of supervised release to follow. Denny should serve the first 60 days of supervised release at a secure inpatient substance abuse treatment facility, as directed by his probation officer.

## II. Status

Denny pleaded guilty on January 29, 2019, to Domestic Abuse by a Habitual Offender. (Doc. 51). The Court sentenced Denny to 8 months of

custody, followed by 3 years of supervised release. (Doc. 81). Denny's current term of supervised release began on August 22, 2019. (Doc. 86 at 1).

**Petition**

The United States Probation Office filed a Petition on January 2, 2020, requesting that the Court revoke Denny's supervised release. (Doc. 86). The Petition alleged that Denny had violated the conditions of his supervised release: 1) by committing another crime; 2) by failing to following the instructions of his probation officer; 3) by using methamphetamine; 4) by failing to report for substance abuse testing; 5) by failing to report to his probation officer as directed; 6) by failing to notify his probation officer of a contact with law enforcement; and 7) by failing to report for substance abuse treatment.

**Initial appearance**

Denny appeared before the undersigned for his initial appearance on January 7, 2020. Denny was represented by counsel. Denny stated that he had read the petition and that he understood the allegations. Denny waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 7, 2020. Denny

admitted that he had violated the conditions of his supervised release: 1) by committing another crime; 2) by failing to following the instructions of his probation officer; 3) by using methamphetamine; 4) by failing to report for substance abuse testing; 5) by failing to report to his probation officer as directed; 6) by failing to notify his probation officer of a contact with law enforcement; and 7) by failing to report for substance abuse treatment. Denny denied alleged violation 8. The Court dismissed alleged violation 8 on the government's motion. The violations that Denny admitted are serious and warrant revocation of Denny's supervised release.

Denny's violations are Grade C violations. Denny's criminal history category is III. Denny's underlying offense is a Class B felony. Denny could be incarcerated for up to 24 months. Denny could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Denny's supervised release should be revoked. Denny should be incarcerated for 5 months, with 31 months of supervised release to follow. Denny should serve the first 60 days of supervised release at a secure inpatient substance abuse treatment facility, as directed by his probation officer. This sentence is

sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Denny that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Denny of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Denny that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Denny stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Larry Ray Denny, Jr. violated the conditions of his supervised release: by committing another crime; by failing to following the instructions of his probation officer; by using methamphetamine; by failing to report for substance abuse testing; by failing to report to his probation officer as directed; by failing to notify his probation officer of a contact with law enforcement; and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

> That the District Court revoke Denny's supervised release and commit Denny to the custody of the United States Bureau of Prisons for 5 months, with 31 months of supervised release to follow. Denny should serve the first 60 days of supervised release at a secure inpatient substance abuse treatment facility, as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of January, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge